## ROBERT GODWIN V. THE STATE.

No. 9562.    Delivered November 25, 1925.

### 1.—Burglary—Evidence—Hearsay Harmless.

Where on a trial for burglary, appellant complains of testimony of the owner of the house burglarized, that he had compared the numbers on some tires taken in the burglary with the records of the original purchase, and other property taken was fully identified, the error in admitting the hearsay testimony was harmless, and presents no grounds for a reversal.

### 2.—Same—Bill of Exception—Incomplete—No Error Presented.

Where complaint was made to the admission of testimony by a state witness to the effect that appellant's father and his attorney presented the witness with certain papers showing the ownership of a car to be in the appellant, and the bill does not disclose in what way such testimony was material to the case on trial, no error is shown. It is well established in this state that a bill of exception must show on its face some injury done by the admission of testimony objected to. Following Robbins v. State, 272 S. W. 176; Jones v. State, 99 Tex. Crim. Rep. 321.

### 3.—Same—Evidence—When Harmless.

Where on the trial appellant testified himself, while a witness on the stand that he owned a certain car, no possible injury could be done him by permitting the state to prove by his father also that appellant owned the car. No error of a harmful character is shown.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of burglary, penalty four years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Shelby S. Cox,* District Attorney, *Wm. McCraw,* Assistant District Attorney, *Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is burglary, the punishment is four years in the penitentiary.

D. W. Barton was the alleged injured party and there is no dispute in the testimony to the effect that his house was broken into and property therein stolen. The evidence is amply sufficient to show that this property was later found in the possession of the appellant. Appellant sought to account for his possession of the same by showing that he purchased it from another party.

Appellant complains at the court's action in permitting Barton to testify that he checked his identification of one of the tires which was stolen with some records kept in the place of the original purchase. The bill of exceptions is qualified by the trial court with the statement that this was by no means all of the identification of the property made by the witness Barton. The only objection urged to it is that it is hearsay and this objection was properly overruled. It is also true that the prosecuting witness positively identified other property found on the appellant's car as part of that lost by him at the time of the alleged burglary.

By his second bill of exceptions appellant complains of the admission of certain testimony of one of the state's witnesses to the effect that appellant's father and his attorney presented the witness with certain papers showing the ownership of the car to be in the appellant. The bill on its face fails to show what connection the car in question had with the burglary and fails to show what the contents of the papers were and does not attempt to show what injury was done to the appellant by the admission of such testimony. It is well established in this State that a bill of exceptions in order to show reversible error must be sufficient to show that some injury was done by the admission of the testimony objected to. Robbins v. State, 272 S. W. 176; Jones v. State, 98 Tex. Cr. Rep. 321.

Some complaint is also made by appellant with reference to the court's action in permitting his father to testify that the appellant owned a car. This matter as presented shows no reversible error. It was undisputed that the appellant owned the car testified about by his father; in fact, the appellant testified himself while a witness on the stand to the ownership of said car.

We have carefully examined the other complaints made by appellant in his bills of exceptions and are satisfied that no reversible error is shown in any of them.

The testimony is amply sufficient to support the verdict and there being no errors in the record, it is our opinion that the judgment should be in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.